FILED
SUPERIOR COURT
OF GUAM

2019 SEP -6 PM 1: 51

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                    )        Case No. CM0624-18
                                   )
                                   )
                   Plaintiff,      )
                                   )
        v.                         )        DECISION AND ORDER
                                   )
                                   )
JESSE NORBERT TAITANO AGUON,       )
DOB: 03/04/1963                    )
                                   )
                                   )
                   Defendant.      )
_____   )

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on Jul 26, 2019 for a hearing on a submission by Jesse Aguon ("Defendant") of a Motion in Limine. The Defendant is represented by Assistant Public Defender Earl Espiritu. The People of Guam are represented by Assistant Attorney General Sean Brown. After considering the arguments of the parties, and the applicable law, the Court now issues its Decision and Order granting the Defendant's motion.

## BACKGROUND

In mid-December 2018, an officer observed a vehicle driving erratically along Route 1 in Agana, before effectuating a traffic stop. (Magistrate's Complaint at Decl.). The Defendant was identified as the operator of the vehicle, and subsequently arrested under suspicion of

driving while impaired. *See id.* While in custody, the Defendant allegedly told Officer Morgan Reyes to "call Mike Aguon, my nephew" and "Mike will get him out of this" and "call Elizabeth Flichinger." (Defendant's Motion in Limine at 2, Jun. 18, 2019). On December 22, 2018 the People filed a Complaint against the Defendant, charging him with Driving While Impaired (as a Misdemeanor) and Reckless Driving While Impaired (as a Petty Misdemeanor). (Magistrate's Complaint, Dec. 22, 2018). The Defendant subsequently filed a Motion in Limine seeking to exclude testimony from Officer Reyes concerning the Defendant's statements as well as statements of a person only known as "Mama Chai." (Defendant's Motion in Limine). The People filed an opposition to the motion. (People's Opposition, Jun. 19, 2019). The Court held a hearing on the motion, at which time the Court took the matter under advisement. (Minute Entry, Jul. 26, 2019).

## DISCUSSION

**a. The Defendant's statements to Officer Reyes are irrelevant.**

In order for evidence to be relevant, it must have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Guam Rules of Evidence ("GRE") 401. Here the Defendant is charged with driving while impaired by alcohol or recklessly driving while impaired by alcohol. (Magistrate's Complaint at 1, Decl.). The People have the burden of proving that the Defendant 1) did operate or was in physical control of a motor vehicle or that he did operate a vehicle with reckless disregard for the safety of others; and, 2) was doing so while he was impaired as a result of consuming alcohol. 9 GCA §§ 92102(a), 92103(a). In this instance, relevant evidence is any evidence that has a tendency to make it more or less probable

that the Defendant was operating a motor vehicle, recklessly or otherwise, and that the Defendant was impaired by alcohol. GRE 401.

Here the Defendant's statements to "call Mike Aguon, my nephew" and "call Elizabeth Flichinger" do not make it more or less probable that the Defendant was operating a vehicle or impaired by alcohol, and the Defendant's awareness of these people has no correlation to his alleged actions. Similarly, the Defendant's belief that his nephew could "get him out of this" also has no tendency to make the Defendant's operation of a motor vehicle while impaired by alcohol more or less probable. As such, the statements above are irrelevant to the case before us and must be excluded at trial. GRE 402.

**b. Any testimony by Officer Reyes about statements made by "Mama Chai" is inadmissible hearsay.**

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." GRE 801(c). It is a cardinal rule of evidence that hearsay statements that do not fall under a specific exception are inadmissible at trial. GRE 802. In the discovery, Officer Reyes allegedly interviewed an individual known to the parties only as "Mama Chai." (Mot. in Limine at 3). According to Officer Reyes Mama Chai purportedly made the statement "Yes, he was here. He was barbecuing and drinking with my son." when asked if she knew the whereabouts of the Defendant on the day he was pulled over. *See id.* Currently, the location of Mama Chai is unknown to either party, and Officer Reyes is the only person with knowledge of the interview. *Id.*; (People's Opposition at 1-2).

The Court agrees that if the People attempt to elicit from Officer Reyes at trial any statement made by Mama Chai during their interview, than those statements are inadmissible hearsay. In this case the declarant, Officer Reyes, would be testifying as to a statement not

made by herself, which is being offered to prove the truth of the matter asserted in the statement, that is, that on the day the Defendant was pulled over and arrested for driving while impaired he had been drinking at Mama Chai's home with Mama Chai's son. GRE 801(c). As such, the statement, if testified to by Officer Reyes, is inadmissible at trial. GRE 802. However, the Court agrees that, if the People are able to locate Mama Chai and properly inform the Defendant of her name and address pursuant to 8 GCA § 70.10(a)(1), then Mama Chai is free to testify as to whether the Defendant was drinking at her home. As the whereabouts of Mama Chai are still unknown, the Court shall reserve any decision related to Mama Chai testifying at trial until such time as it may become pertinent.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the Defendant's Motion in Limine. The Court shall hold a pre-trial conference on October 1, 2019 at 3:00 p.m.

**IT IS SO ORDERED** this 6th day of September, 2019.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA **COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of: PDS

Date: 9/6/19 Time: 2:15pm

Deputy Clerk, Superior Court of Guam